IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

PAUL E. ORR, JR.,                      )
on behalf of himself and all           )
others similarly situated,             )
                                       )
        Plaintiff,                     )
                                       )        Civil Action File
v.                                     )
                                       )        No. 2:12-cv-187-WCO
WESTPORT RECOVERY                      )
CORPORATION, et al.,                   )
                                       )
        Defendants.                    )

## DEFENDANTS' INITIAL DISCLOSURES

Pursuant to Local Rule 26.1(B), defendants, Westport Recovery Corporation, Friedman & Greenberg, PA., Robert D. Friedman, and Debra L. Greenberg, respond to the Court's initial disclosures as follows:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Defendants do not contend that any defendants have been improperly identified.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

Defendants do not contend that there are any necessary parties to this action who have not been named by Plaintiff.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Defendants deny that they violated 15 U.S.C. §1629g and 15 U.S.C. §§1692e and e(10) by sending to Plaintiff the letters attached to the Class Action Complaint (the "Complaint") as Exhibits A and B.  The letters, by their own terms, relate to a prior final judgment against Plaintiff.  Even if a least sophisticated consumer believed, because of the absence of the words "by the debt collector," that the debt would be assumed to be valid by a court, credit reporting agency, or other entity, such belief, in the context of a final judgment, would be accurate.  Therefore, the omission of the words "by the debt collector" in the collection letters in issue would not be deceptive to the least sophisticated consumer in violation of 15 U.S.C. §1692e or §1692e(10).

Defendants also submit that in the context of a debt that has been reduced to judgment, the omission of the words "by the debt collector" is immaterial and provides no basis for liability under §1692g.

As to the class action claims asserted in the Complaint, Defendants submit that no class action is appropriate in this case because, inter alia, the class is not so

numerous that joinder of all members is impracticable and the questions of law or fact common to the members of the class do not predominate over any questions affecting only individual members.  Specifically, Plaintiff's class claim does not meet the numerosity standard for class certification because the applicable letters, in the form attached as Exhibits A and B to the Complaint, were only sent to 17 individuals other than Plaintiff.

Defendants also assert that the purported class will not meet Rule 23(b)(3)'s predominance requirement as some or all of the purported class members would be barred from bringing an FDCPA claim by the applicable one-year statute of limitations in 15 U.S.C. §1692k(d).  For many of these purported class members, the initial communication by the debt collector was well beyond the one-year statute of limitations.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

The statutes, codes, regulations, legal principles, standards and customs or usages applicable to this case include 15 U.S.C. §1692g, 15 U.S.C. §1692e and 15 U.S.C. §1692k(d).

The following are illustrative cases that Defendants contend are applicable to this action:

- 3 -

- <u>Laird v. Vogel</u>, 334 So. 2d 650, 651 (Fla. 3d DCA 1976).  A judgment is assumed valid until reversed or set aside, even when the judgment is alleged to be void.

- <u>Futterman v. Gerber</u>, 109 So. 2d 575, 575-76 (Fla. 3d DCA 1959).  In an action on a foreign judgment, the defendant raised lack of jurisdiction on the ground that he had not been served with process in the foreign proceeding. The Florida court held that the full faith and credit clause of the United States Constitution was applicable until such time as the defendant proved that procedural due process was not followed.  <u>Futterman</u>, 109 So. 2d at 575-76.  "[T]he foreign judgment is presumptively valid.  The burden is upon the appellee to overcome this presumption."  <u>Id.</u> at 576.

- <u>Shimek v. Weissman, Nowack, Curry & Wilco, P.C.</u>, 323 F. Supp. 2d 1344 (N.D. Ga. 2003) aff'd. 374 F.3d 1011 (11th Cir. 2004).  The plaintiffs alleged that, <u>inter alia</u>, the collection letters violated 15 U.S.C. §1692g(a) because they failed to track the statutory language in two respects.  First, the letters did not inform the plaintiffs that, upon their request, defendant would provide them with a copy of a judgment against them, as provided in 15 U.S.C. §1692g(a)(4).  Second, the plaintiffs alleged that defendant violated 15 U.S.C. §1692g(a)(5) by failing to offer to provide the name and address

of plaintiffs' original creditors or, alternatively, by providing the name but not the address of the original creditors.  <u>Shimek</u>, 323 F. Supp.2d at 1347-48.   Rather than looking solely to the exact language of 15 U.S.C. §1692g(a), the Court in <u>Shimek</u> analyzed the claimed violations in the context of the specific facts of that case.  It was undisputed in <u>Shimek</u> that there was no judgment entered against the plaintiffs and also undisputed that the letters indicated that the current creditor was also the original creditor.  Based upon the "plain language of the statute" in the context of those facts, the Court held that failure to include the additional language referenced in the statute was not a violation of the FDCPA.  <u>Shimek</u>, 323 F. Supp.2d at 1348-49.

- <u>Denman v. Western Mercantile Agency, Inc.</u>, 2012 U.S. Dist. LEXIS 67812 (D. Ore. May 11, 2012).  The plaintiff alleged a violation of the FDCPA as a result of a debt collector's response to a request for validation which enclosed a copy of a judgment and stated that "your time of dispute was over" when the judgment was entered.  The plaintiff contended that the communication falsely stated that the plaintiff could no longer dispute the debt which was reduced to judgment.  Applying the "least sophisticated debtor" standard, the Court found the debt collector's statement to be neither

false nor misleading.  "It was, in fact, accurate".  <u>Denham</u>, 2012 U.S. Dist.

LEXIS 67812 at *3.

> Regardless of plaintiff's state of mind, the fact remains that final judgment was entered against him in 1999, thus establishing and validating the debt owed by him, and no evidence suggests that the judgment is invalid or was set aside. Therefore, defendant's statement that plaintiff could not dispute the debt underlying the judgment was not false or misleading in these specific circumstances, and summary judgment is granted on plaintiff's §1692e claim.

<u>Denham</u>, 2012 U.S. Dist. LEXIS 67812 at *5.

- <u>Cox v. American Cast Iron Pipe Co.</u>, 784 F.2d 1546 (11th Cir. 1986) ("while there is no fixed numerosity rule generally, less than twenty-one is inadequate, more than forty adequate.").

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.   (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.   (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

Defendants do not anticipate using any expert witnesses in this case.

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Defendants are not seeking damages in this action.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

At this time, Defendants are not aware of any other person or legal entity that may be liable to Plaintiff or Defendants in this matter.

(10) Attach for inspection and copying under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Defendants are not aware of any insurance that would provide coverage for the claims asserted in this action.

- 7 -

Respectfully submitted,

                                        /s/ Michael E. Brooks
MCRAE BROOKS WARNER LLC                  Michael E. Brooks
1175 Peachtree Street, N.E.              Georgia Bar No. 084710
100 Colony Square, Suite 2100           Jill Warner
Atlanta, Georgia 30361                   Georgia Bar No. 378472
(404) 681-0700 – Main                    Thomas C. Haney, of counsel
(404) 681-0720 – Brooks Direct           Georgia Bar No. 327700
(404) 681-0730 – Warner Direct
(404) 681-0780 – Fax                     Attorneys for Defendants

## <u>ATTACHMENT A TO DEFENDANTS' INITIAL DISCLOSURES</u>

Defendants here identify individuals listed below who may have information or knowledge of facts or circumstances regarding the claims, defenses, events or transactions forming the subject matter of this action and whom Defendants may call as witnesses to support their position.

The following individuals are believed by Defendants to have information or knowledge concerning all aspects of this case, including (i) the final judgment First Union National Bank of Florida ("First Union") obtained against Plaintiff and assigned to Defendant Westport Recovery Corporation ("Westport") in November 1997 (the "Final Judgment"), (ii) the action Westport filed to extend the Final Judgment in or about May 2012, (iii) Defendants' communications with Plaintiff relating to the Final Judgment and (iv) specifics relating to judgments obtained against and Defendants' communications with other individuals alleged to be similarly situated to Plaintiff with regard to debts arising from transactions incurred for personal, family or household purposes originated by First Union and assigned to Westport:

> Robert Friedman
> 9675 West Broward Boulevard
> Plantation, Florida 33324
> (954) 370-4774

Debra Greenberg
9675 West Broward Boulevard
Plantation, Florida 33324
(954) 370-4774

## <u>ATTACHMENT C TO DEFENDANTS' INITIAL DISCLOSURES</u>

Defendants here identify documents, data compilations and things listed below in their possession, custody or control that are relevant to the claims, defenses, events or transactions forming the subject matter of this action and that Defendants may use to support their position. Defendants will supplement their response as investigation and discovery proceed, and if a class action is certified in this case.

Letters attached as Exhibits A and B to Complaint.

Complaint to Extend Final Judgment, with attached Exhibits, filed in Case No. 12-05879 COWE, in the County Court in and for Broward County, Florida.

Answer to Complaint dated November 7, 1991, in Case No. 90-07161 COSO, in the County Court in and for Broward County, Florida.

Notice of Change of Address dated April 21, 1992, in Case No. 90-07161 COSO, in the County Court in and for Broward County, Florida.

Final Summary Judgment dated May 28, 1992, in Case No. 90-07161 COSO, in the County Court in and for Broward County, Florida.

Bill of Sale and Assignment of Assets between First Union National Bank and Westport Recovery Corporation dated November 8, 1997.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2013, I electronically filed the foregoing DEFENDANTS' INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Scott D. Owens, Esq.

Kris Skaar, Esq.

James M. Feagle, Esq.

Justin T. Holcombe, Esq.

|  |  |
|---|---|
|  | s/Michael E. Brooks |
| MCRAE BROOKS WARNER LLC | Michael E. Brooks |
| 1175 Peachtree Street, N.E. | Georgia Bar No. 084710 |
| 100 Colony Square, Suite 2100 | mbrooks@mbwattorneys.com |
| Atlanta, Georgia 30361 | |
| Tel:  (404) 681-0720 | Attorney for Defendants |
| Fax:  (404) 681-0780 | |